UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSORCIO MINERO S.A., | ) |
| Applicant, | ) ) ) |
| vs. | ) Case No. 4:11-MC-583 (CEJ) |
| THE DOE RUN RESOURCES CORPORATION and DR ACQUISITION CORPORATION, | ) ) ) ) ) |
| Respondents. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the *ex parte* application, pursuant to 28 U.S.C. § 1782(a), for an order compelling documents and depositions for use in foreign litigation.

I. **Background**

Applicant Consorcio Minero, S.A., ("Cormin") is a mineral trading company incorporated and headquartered in Peru. Respondents Doe Run Resources Corporation ("DRRC") and DR Acquisition Corporation ("DRAC") are corporations whose principal places of business are located in St. Louis, Missouri. DRRC and DRAC are, respectively, the former and current indirect parents of Doe Run Peru, S.R.L. Doe Run Cayman is the direct parent company of Doe Run Peru.[1] Cormin alleges that Doe Run Peru owes it $29 million for metal concentrates.[2] Doe Run Cayman has claimed in Peruvian

---

[1]The Renco Group, Inc., is the parent company of Doe Run Cayman.

[2]An arbitration panel affirmed that Cormin is entitled to the $24.22 million debt it is claiming in the Insolvency Proceeding. See Aff. Gonzalo Andrade § 2 [Doc. #1-4]. Cormin has also purchased approximately $4.5 million additional debt from other Doe Run Peru creditors. With the exception of Doe Run Cayman's disputed claim, Cormin's claim is the largest private claim in the Insolvency Proceeding. Creditors' rights in the

bankruptcy proceedings that Doe Run Peru owes it $156 million, making it Doe Run Peru's largest creditor and giving it control over resolution of Doe Run Peru's debts. Cormin contends that $139 million of that debt is improper "insider" debt generated in Doe Run Peru's 1997 acquisition of La Oroya, a Peruvian refinery.

The financing of Doe Run Peru's acquisition of La Oroya is the subject of several judicial proceedings in Peru, including involuntary bankruptcy proceedings initiated by Cormin in order to preserve its claim against Doe Run Peru (the "Insolvency Proceeding"); a civil judicial action to determine the validity of Doe Run Cayman's purported claim against Doe Run Peru (the "Civil Judicial Action"); a criminal libel action initiated by Doe Run Peru against Cormin (the "Cormin Libel Action"); and a criminal investigation against Doe Run Peru, initiated on Cormin's petition (the "Doe Run Peru Criminal Investigation"). In these proceedings, Cormin asserts against the Doe Run entities claims of criminal fraud upon the Peruvian Government; fraudulent insolvency; fraudulent management of Doe Run Peru; and false statements in the Doe Run Peru insolvency proceedings.

Cormin filed this application pursuant to 28 U.S.C. § 1782(a) seeking discovery relevant to the Peruvian proceedings from the two Missouri entities, DRRC and DRAC. Cormin simultaneously filed a § 1782 application in the District Court for the Southern District of New York to obtain discovery from the Renco Group.

II. Discussion

A. Applicable Law

Section 1782(a) provides, in relevant part:

---

Insolvency Proceedings are proportionate to the size of their claims.

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The purpose of § 1782(a) is to provide federal-court assistance in gathering evidence for use in foreign tribunals. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The statute has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004). Section § 1782(a) "authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding. Intel, 542 U.S. at 247. The Court has the authority to rule on a § 1782(a) application *ex parte*. Government of Ghana v. ProEnergy Servs., LLC, 2011 WL 2652755, at *6 (W.D. Mo. June 6, 2011).

To be entitled to foreign discovery under § 1782, the applicant must meet three "statutory" requirements: (1) the person from whom discovery is sought must reside or be "found" in the district, (2) the discovery must be "for use" in a proceeding before a foreign tribunal, and (3) the application must be made by an "interested person." In re Gushlak, 2011 WL 3651268, at *3-4 (E.D.N.Y. Aug. 17, 2011) (citing In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006)).

If the statutory factors are met, a district court should consider the following discretionary factors: (1) whether the material sought is within the foreign tribunal's

-3-

jurisdictional reach and thus accessible without relying on § 1782(a); (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court jurisdictional assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. See Intel, 542 U.S. at 264-65.

### B. Statutory Factors

The Court concludes that Cormin's application satisfies the § 1782(a) statutory factors. First, Cormin has provided evidence that DRRC and DRAC are present in this district. See Aff. R. Matthew Pearson and Exs. 1-3 [Docs #1-13 - #1-16]. Second, the discovery is for use in proceedings before tribunals in Peru. See Aff. Gonzalo Andrade [Doc. #1-4], Aff. Jose L. Reaño [Doc. #1-5], Aff. Luis Guillermo Puelles [Doc. #1-9]. Finally, Cormin qualifies as an interested party because it is a litigant in the Peruvian proceedings. Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782") (alteration in original).

### C. Discretionary Factors

#### 1. Jurisdictional Reach of Foreign Tribunal

This factor addresses the likelihood that the discovery sought can be obtained through the existing foreign proceedings. The respondents are not parties to the Insolvency Proceeding or the Libel Action, and thus not are not subject to discovery requests. According to Cormin, they are "involved more directly" in the Civil Judicial Action and the Criminal Investigation. The targets' participation in foreign proceedings

is a factor that can weigh against granting a § 1782(a) application. See Lazaridis v. International Centre for Missing & Exploited Children, 760 F. Supp. 2d 109, 114 (D.D.C. 2011) (denying application where, *inter alia*, respondents were necessarily parties to the foreign proceedings). There is evidence in this instance, however, that the discovery may not be forthcoming in the Peruvian actions. Attorney Reaño states that the Criminal Prosecutor ordered an audit and issued a summons to Ira Rennert, CEO of the Renco Group, to appear for deposition on September 20, 2011. Cormin represents that Mr. Rennert failed to appear. According to Attorney Reaño, the Criminal Prosecutor does not have authority to compel compliance with discovery requests and has no recourse if his motion to compel production is denied by the Criminal Judge. With respect to the Civil Judicial Action, Attorney Puelles states that Peruvian civil procedure does not require parties to disclose all relevant evidence. Cormin has established that the discovery will not be available through the foreign proceedings and this factor weighs in Cormin's favor.

### 2. Nature and Receptivity of Foreign Tribunal

There is no evidence in the record with respect to whether the Peruvian tribunals are receptive to U.S. federal court assistance. However, "[p]arties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence." Government of Ghana, 2011 WL 2652755, at *4 (citing Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099–100 (2d. Cir. 1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.")). Attorney Puelles states that, despite the absence of a comprehensive

discovery procedure, the rules regarding admission of evidence are "broad" and he believes that the Peruvian tribunals will receive any evidence obtained through the application. Furthermore, Attorney Reaño states that, as the offended party in the Criminal Investigation, it has the right to submit evidence pertinent to the matters at issue to the Criminal Prosecutor. "A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions -- reasons that do not necessarily signal objection to aid from United States federal courts." Intel, 542 U.S. at 261. "When the foreign tribunal would readily accept relevant information discovered in the United States, application of a foreign [rule limiting discovery] would be senseless." Id. at 262. The Court concludes that this factor weighs in favor of Cormin's application.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions

There is no indication that Cormin's § 1782(a) application is an attempt to circumvent a foreign tribunal's restrictions on gathering evidence. See *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006) ("The third discretionary factor aims to protect against abuse of § 1782 as a vehicle to end-run foreign proof-gathering restrictions or other foreign policies.") It appears that Cormin is attempting to obtain discovery in a good-faith belief it will be able to use the evidence thus obtained in the pending Peruvian proceedings. This factor weighs in favor of Cormin's application.

### 4. Undue Intrusion or Burden

The final factor requires the Court to consider whether the discovery sought is unduly intrusive or burdensome. On their face, the subpoenas to DRRC and DRAC do not appear unduly intrusive or burdensome, but the Court is without sufficient

information to evaluate this factor. Once the subpoenas are issued, DRRC and DRAC will have the opportunity to object or seek an order modifying or quashing the subpoenas. Rule 45(c).

The balance of the factors weigh in favor of granting Cormin's application. Accordingly,

**IT IS HEREBY ORDERED** that the application of Consorcio Minero S.A. for an *ex parte* order compelling documents and depositions for use in foreign litigation [Doc. #1] is **granted**.

**IT IS FURTHER ORDERED** that Consorcio Minero. S.A. is authorized to serve the subpoenas attached to the Application as Exhibit 1 and Exhibit 2.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2011.